# Bauder's Appeal.

1. The record of the proceedings for desertion, in the Court of Quarter
Sessions of the Peace, in which the husband is ordered to pay a fixed
sum per week for the support of his wife, is admissible in evidence to
be considered by the jury, on the trial of an issue in proceedings for a
divorce, by the husband against his wife, on the ground of her desertion ;
but it is not a legal bar to the divorce prayed for.

2. A wife, who refuses the repeated requests of her husband for the period
of two years, to return to him and live and cohabit with him, is guilty
of such desertion as will entitle the husband to a divorce, even though
during this time the husband has paid her a fixed sum per week for her
support, under an order of the Court of Quarter Sessions of the Peace,
made in a proceeding for desertion against him by his wife.

February 17th, 1887. Before MERCUR, C. J., GORDON,
PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the decree of the Court of Common Pleas of
*Lehigh county :* Of July Term 1886, No. 110.

Appeal by Emma E. Bauder from a decree of said court de-
creeing a divorce from the bonds of matrimony in a proceeding

wherein her husband, John J. Bauder, was the petitioner and she was the respondent.

The petition alleged as the ground of divorce that the said Emma E. Bauder, his wife, on the 25th day of July, 1882, had willfully and maliciously deserted him, her husband, and had absented herself from his habitation without any just or reasonable cause and that she had persisted in the desertion for two years and upwards.

Emma J. Bauder filed an answer denying these allegations and requesting an issue and in addition filed the following: The said Emma E. Bauder, in her own proper person, comes in court and says, that the said John J. Bauder ought not to have and maintain his action in this case, because the said John J. Bauder is now under sentence of the Court of Quarter Sessions of Lehigh county, under proceedings instituted by the said Emma E. Bauder, for desertion, and in the said Court of Quarter Sessions at November sessions, 1882, and the case having been fully heard in said court on the 13th day of November, 1882, the court made the following sentence and decree, to wit: That the said John J. Bauder pay to his wife, Emma E. Bauder, the sum of one dollar and fifty cents per week for the support of herself and child, and that he enter into a recognizance in the sum of one hundred dollars for the faithful performance of said sentence. That on the same day the said John J. Bauder, with John Bauder, his surety, entered into a recognizance as required by said sentence. That said decree is still in force and of record in said court. That the said John J. Bauder has regularly paid the weekly allowance and still doth.

And of this she puts herself upon the country.

On the trial before ALBRIGHT, P. J., the respondent offered in evidence the record of the said proceedings in desertion in the Court of Quarter Sessions, which were admitted under the objection of the petitioner.

The respondent requested the court to instruct the jury *inter alia* as follows:

" 1. If the jury find that the sentence of the Court of Quarter Sessions of Lehigh county, in compliance of which the libellant in this suit entered bail for the payment of a weekly sum of money to Emma E. Bauder, the respondent, is still in full force, and that the libellant has still continued up to the present time to pay to said respondent in compliance of said sentence, the verdict of the jury must be in favor of the respondent."

" Answer. Negatived."   (Third assignment of error.)

" 2. If the jury find that there was no agreement entered into between libellant and respondent to again live together as

5 AMERMAN—31

husband and wife, since order of the Court of Quarter Sessions of Lehigh county, sentencing to pay a weekly sum to respondent, the verdict of the jury must be in favor of the respondent."

"Answer. Negatived." (Fourth assignment of error.)

"3. The former sentence of the Court of Quarter Sessions of Lehigh county, and the entering of the recognizance of libellant to pay respondent a weekly sum so long as they shall live separate and apart, and if it is proven that said sentence and recognizance is still in force, it is a complete bar to the present action, and the verdict must be for the respondent."

"Answer. Negatived." (Fifth assignment of error.)

The court instructed the jury in the general charge *inter alia* as follows:

It appears that a controversy between these parties was heard in the Court of Quarter Sessions. A husband is bound to provide for his wife, and if he has children to provide for them.

There is another law, which provides that if a husband neglects or refuses to support his wife or children, that a complaint may be made before a justice of the peace, and the case brought in a Court of Quarter Sessions, and there it may be heard before the judge, and if the court finds the complaint established, the court may make an order that the accused party pay a certain sum for the support of his wife and children as long as the husband and wife live separate and apart, or as long as he fails to provide for his children. Such a proceeding was instituted by the wife, and on the 13th of November, 1882, the matter came before the judge of the criminal court of this county, and an order was then made that John J. Bauder pay $1.50 for the support of his wife and child as long as he lived separate and apart from her, and that he enter into bail in the sum of $100 to comply with that sentence, and in default of his entering bail should be committed to prison. It appears he entered bail and thus became bound to pay the $1.50 per week, and I believe that sum has been paid from that time to this.

The respondent takes the ground here that that is a bar to a proceeding for a divorce; that that judgment of the criminal court is conclusive, and that the fact of that record ought to prevent the plaintiff from maintaining his case here to-day.

Such is not the view of the court. If the libellant has shown a desertion by the wife as required by the Act of Assembly to entitle him to a divorce, he is entitled to a divorce notwithstanding that proceeding. But we have received that record in evidence, and you will have it before you as one of the circumstances in the case, showing how these parties came to be separated, and you can also receive it as persuasive evidence of things as they stood at that time, but not conclusive. It may have an effect upon your minds, but you are not to decide this

case the way the judge of the court decided that case. The reason for my conclusion is this: The Act of Assembly provides that if certain facts are proved, the injured party shall have a divorce, and if either party demand it, there may be a jury trial, and if the court were to hold to-day that the decision of the judge in the criminal court was conclusive, then an injured party who alleged desertion and who proved it, and proved that it had existed for two years, would have denied that right which the law gives him, to have a divorce.

The libellant, John J. Bauder, in his testimony admitted that he left his wife in July, 1882. It seems they could not agree, and how they lived together and how they disagreed and how they separated has been told to you. Like in many cases of this kind there are two stories, and it is for you to say which story is true, if one or the other becomes material in the decision of the question submitted to you.

As I said before, in November, 1882, the court sentenced libellant to pay a certain sum per week so long as he lived separate and apart from his wife.

It is argued on one side that this proceeding is before us to-day because John J. Bauder wants to get rid of the pay of $1.50 to his wife, and on the other hand the wife resists the proceeding for divorce because she wants to continue to receive the $1.50 per week. That really has nothing to do with the case, excepting so far as you think that interest may warp the judgment of the witnesses, and affect his or her credibility—that of the libellant or respondent. It is not a question whether he shall pay the $1.50 and she receive that much per week. The question is, has the respondent willfully and maliciously deserted libellant, and has she continued in that desertion for two years, counting to this day? If that is proved, your verdict ought to be in favor of the libellant. If not, the verdict should be against him and in favor of the wife.

[The effect which the court has given to the proceeding in the criminal court is for certain reasons, which may not be out of place to state to you. If the husband had voluntarily agreed to live separate from his wife, and had since made no offer, and had agreed to pay her a certain sum per week, and had afterwards made no offer to live with her, we would say it was conclusive; but here it was in pursuance of a decree of the court, which compelled him either to pay money or give bail for its payment or go to prison. In the opinion of the court, if the court were to say that that was conclusive, then the Acts of Assembly, which provide that if desertion is proved for two years, the party is to have a divorce, would be negatived and of no effect. So you will take that action of the criminal court as one of the facts in the case and give it such effect as it may

be entitled to, bearing in mind what the court has said upon the subject.]    (First assignment of error.)

Verdict for the petitioner: That Emma E. Bauder, the respondent, willfully and maliciously deserted and absented herself from the habitation of John J. Bauder, the libellant, without any just or reasonable cause, and such desertion has been persisted in for two years and upwards.

A final decree of divorce from the bonds of matrimony was therefore entered, in which her own costs were imposed on the respondent (ninth assignment of error), and in which the respondent was allowed the sum of $30 for her expenses and counsel fees in making her defence (eighth assignment of error), the amount in the opinion of the respondent being too small.

The following is the opinion of the court filed on discharging a rule for a new trial:

It is urged that the order for maintenance made by the Court of Quarter Sessions was a bar to this action: Vanleer *v.* Vanleer, 1 H., 211, is relied on as authority; this is the main ground for the motion for a new trial.

In that case the husband, who was libellant, had been proceeded against by the guardians of the poor for the support of his wife, which prosecution was settled by the husband giving a bond, conditioned for the payment of a sum per week, for her support.

The date of the bond is not given, but it seems to have been some time in July, 1884. The husband filed his libel on September 25th, 1846, alleging desertion by the wife and praying for a divorce from the bonds of matrimony. The answer denied the desertion by the wife, averred that the husband had separated himself from her without reasonable cause, and that said bond had been given as aforesaid. Upon the trial the bond was produced in evidence after the husband had given evidence of desertion by the wife. The court trying the case, said that the bond might be viewed as an agreement to live separate and apart, or, if not considered in that light, the libellant was at least precluded by it from alleging that the desertion took place from the 6th of July, 1844; that in the face of that bond, before the libellant could allege willful and malicious desertion on his wife's part, he ought to have communicated to her that his house was open to her and that he was ready to supply her wants and conduct himself towards her as a husband ought to do; that if, after such notice, she still persisted, then would the desertion have become willful and malicious, because without any good cause. The court directed a verdict for the respondent.

Upon writ of error the Supreme Court affirmed the action of the court below.

That case is not at all decisive of the question here presented.

At the trial the libellant showed that after the order in the Quarter Sessions had been made, he leased a house and repeatedly asked the respondent to come and live with him, and that she answered him evasively; in substance refused. She was living with her parents. The order in the sessions was made in November, 1882. During that and several months immediately following the offers were made.

Here the husband did not voluntarily agree to live separate and pay to the wife, as did the husband in the case cited. He was compelled to become bound in the recognizance or go to prison. At the trial the court admitted the record of what was done in the Quarter Sessions in evidence, but declined to say that it was conclusive. The allegation of the libellant in substance was that after the date of the order she had deserted him. To prove it he showed his willingness and offers to receive her, and her refusal.

I cannot see how the action of the criminal court, as a plea or as evidence, could be given the effect of a former judgment, and as such be taken to be conclusive in this issue. But that question is not before the court; the libellant to make out his case, did not go back beyond the period when he and his wife separated in July, 1882.

I am still of the opinion that said question, respecting the effect of the record in the criminal court, was correctly decided. There is no other matter requiring attention. The jury, the tribunal to which respondent appealed, decided against her. There was sufficient evidence to warrant the verdict.

Now, June 3d, 1885, the rule for a new trial is discharged; a decree of divorce will be made; it is ordered that libellant pay to respondent (under the rule pending) the sum of thirty dollars, including the fifteen dollars heretofore paid for respondent's expenses and counsel fees. The said decree was accordingly made.

The respondent thereupon took this appeal and filed the assignments of error as shown above.

*John D. Stiles* (*Henry G. Stiles* with him), for appellant.—We contended in the court below that the conviction and sentence in a criminal court was a bar to this libel—the bond being still in full force.

The bond was a complete bar to a suit for desertion during its existence: Vanleer *v.* Vanleer, Harris, 211.

The decree of the court between the same parties and on the same subject matter, is an absolute bar until reversed or set aside: Marsh *v.* Pier, 4 R., 273.

And this is so even if the former judgment were erroneous but not void: Hinds *v.* Willis, 13 S. & R., 213.

A respondent cannot be guilty of desertion who merely declines the invitation of her husband, who had therefore (according to the language of the bond) " separated himself from her without reasonable cause " to return to his home after he had been adjudged guilty and was held in a bond for her separate support: Vanleer *v.* Vanleer, *supra;* Nathans *v.* Nathans, 2 Phila., 393; Breinig *v.* Breinig, 2 C., 165; McClurg's Appeal, 16 Sm., 373; Act Feb. 26th, 1817, Purdon, 512.

There can be no desertion pending a suit by the husband: 1 Bishop on Marriage and Divorce, §§ 801 and 802.

Schoote *v.* Schoote, 8 W. N. C., 236, is a case precisely like the case at bar. There the court held that a plea in bar, such as was filed in this case, setting forth the giving of a bond, was ground for dismissing the libel.

The Missouri court, by SCOTT, J., stated the doctrine as follows: " Under color of maintaining a suit for a divorce, the husband would not be permitted to avoid the consequence of an abandonment and neglect to provide for his wife:" Doyle *v.* Doyle, 26 Missouri, 545, 550.

In Texas also, the doctrine has been laid down in the same way: Simons *v.* Simons, 13 Texas, 468.

A husband cannot obtain a divorce from his wife on the ground of desertion, although she has separated herself from him for over two years, where it appears, that during that period, he remitted an allowance to her: Ralston's Appeal, 12 Norris, 133.

The decree in the criminal court being in full force and not having been impeached or reversed, is a bar.

*C. J. Erdman* for appellee was not heard.

Mr. Chief Justice MERCUR delivered the opinion of the court March 14th, 1887.

The libellant applied for a divorce from his wife, on the ground of alleged desertion. The desertion being denied an issue was found and tried. On that issue the jury returned a verdict in May, 1885, finding that the respondent, the appellant, willfully and maliciously deserted and absented herself from the habitation of the libellant, without any just or reasonable cause, and that such desertion had been persisted in for two years and upwards. This finding of facts if correct sustains the decree.

The counsel for the appellant contends the verdict is wrong, by reason of a decree in the Quarter Session of the county in November, 1882. It appears that by reason of the desertion

of his wife by the appellee, after hearing the parties, the court of Quarter Sessions, on the 13th November, 1882, sentenced the appellee to pay one dollar and fifty cents per week towards the support of his wife and his child, so long as they should live separate and apart, etc.

This sentence of the Quarter Sessions was admitted in evidence on the trial of the present issue; but the learned judge held it was no legal bar to the divorce prayed for by the libellant. In this there was no error. Two and a half years had elapsed between this sentence and the decree of divorce. The evidence is that after the sentence was pronounced the libellant visited his wife " nearly every week and every two weeks and later every month " and proposed to her to keep house with him. He leased a house and repeatedly asked her to come and live with him. She answered him evasively, never expressed a willingness to do so, and did not return to him nor to his house. The evidence is ample to justify the jury in finding that he offered to receive and provide for her, and that she refused all his offers; and without any just or reasonable cause that she persisted in that desertion for two years and more previous to the trial of the issue.

There is no error in the charge of the court nor in the answers to the points. We' discover no merit in the eighth and ninth specifications of error.

> Decree affirmed and appeal dismissed at the costs of the appellant.