## Samuel Hardie *v.* Lydia B. Hardie, Appellant.

*Divorce—Willful and malicious desertion.*

Where a wife leaves her husband's house under the provocation of a blow, in the mere spirit of resentment, not intending to permanently desert him, and soon after returns, and the husband, in anticipation of her return, locks the doors against her, her absence thereafter will not be a willful and malicious desertion such as to entitle the husband to a divorce therefor.

*Cruel and barbarous treatment—Defence to desertion.*

Where the defence to an action for divorce for desertion is cruel and barbarous treatment by the husband, proof of a single blow given in anger is not ordinarily sufficient. If there is evidence of other acts of violence and threats, the burden is on the wife, the defendant, to prove that they occurred before the separation. "If they were after she left him, clearly they did not prompt her to that act, whatever bearing they might have on the question as to whether a desertion, at first causeless, afterwards, by reason of his conduct, ceased to be willful." By Mr. Justice Dean.

Argued Feb. 8, 1894.   Appeal, No. 117, July T., 1893, by defendant, from judgment of C. P. Chester Co., April T., 1892, on verdict for plaintiff in divorce.   Before Sterrett, C. J., Williams, Mitchell, Dean and Fell, JJ.   Reversed.

Libel in divorce.
The facts appear by the opinion of the Supreme Court.
Defendant's point was among others as follows:

" 1. If the jury believe that the plaintiff struck his wife or was guilty of cruel and barbarous conduct towards her, she was justified in leaving the plaintiff, and your verdict must be for the defendant. *Answer:* That point is a little ambiguous in our estimation, and, as I have already suggested to you, there might be an occasion when if the husband struck the wife once it would justify her in leaving. But, as we have said to you, the evidence in this case does not show such an act. We cannot say, therefore, that if the jury believe that the plaintiff struck his wife, it was a justification of her leaving, but we can say, or would say, that if he was guilty of cruel and barbarous conduct towards her, she would be justified in leaving the plaintiff, and your verdict would be such as to justify her in that case. Such is the law, if the conduct is of such a cruel and barbarous character as I have already suggested, such as to endanger her life. As you will see, I can scarcely affirm or disaffirm the point, but I pass it with the suggestions which I have already made."

Binding instruction was given for plaintiff on the ground that willful desertion was proved. Verdict and judgment accordingly.

*Errors assigned* were instructions, quoting them respectively.

*Chas. H. Pennypacker,* for appellant, cited: Butler v. Butler, 1 Pars. Eq. 329; Detrick's Ap., 117 Pa. 457; Dailey's Ap., 10 W. N. 420; Richards v. Richards, 37 Pa. 228; Rice v. Rice, 6 Ind. 100; Coble v. Coble, 2 Jones' Eq. 392; Bishop, M. & D. § 1531.

*Thos. W. Pierce,* for appellee, cited: Cattison v. Cattison, 22 Pa. 276; Eshback v. Eshback, 23 Pa. 345; Richards v. Richards, 37 Pa. 225; Nye's Ap., 126 Pa. 345; Detrick's Ap., 117 Pa. 457; Hahn v. Bealor, 132 Pa. 242; Gordon v. Gordon, 48 Pa. 237; Ristine v. Ristine, 4 Rawle, 460; May v. May, 62 Pa. 206.

OPINION BY MR. JUSTICE DEAN, July 11, 1894:

Plaintiff and defendant are libellant and respondent in a suit by the husband for divorce from the bonds of matrimony. The

issue was tried before a jury, who, under peremptory instruc-
tions from the court, gave a verdict for the husband; from the
judgment on the verdict, the wife brings this appeal.

The ground for divorce, averred in the libel, is willful and
malicious desertion by the wife; she admitted absence from his
house and separation; but that there was willful and malicious
desertion, she denied; she further set up the counter averment
that her husband, by his cruel and barbarous treatment, had
driven her from his home.

The parties were married in August, 1867, and lived together
as husband and wife until the 12th of November, 1890, the day
of separation. They were childless; both were caterers and
cooks, and by their joint industry, during more than twenty
years of married life, had accumulated some property, real and
personal. The legal title to the real estate was in the husband,
though the wife had contributed from her earnings a consider-
able part of the purchase money. Some time before the sepa-
ration, disputes and quarrels arose between them; he suspected
she was not as strong a prohibitionist as he was, or professed
to be; she suspected his fidelity in the married relation. The
suspicions of both were, apparently, groundless; but they were
sufficient to arouse a sort of domestic animosity on the part of
each towards the other, which culminated in his striking her, and
she, smarting under the indignity, left his house. That this was
the immediate cause of her leaving is hardly disputed. The
learned judge of the court below assumed that this single blow
was the only instance of cruel and barbarous treatment; and
this, under the law, not being sufficient to justify or excuse her
desertion, the plaintiff was entitled to a verdict. If this had
been the only question in the case, the instruction was correct.
But there is another view of the evidence applicable to the
pleadings which the jury had a right to consider. Both agree,
she left the house on the 12th of November; she testifies she
left " to go to work; " although they had a quarrel on that day,
and probably the day before, she says she did not intend, by
leaving it, to give up her home; that she went back the next
day and " put away her things; " did not take them away; then
went back on the third day, when she found the locks had been
changed, and she gained an entrance only by breaking the win-
dow. She declares she never had left the house intending to

remain away; that she could not get in, unless by a forcible entrance, afterwards, and for breaking this window, the husband had instituted a prosecution against her. This is the substance of her testimony. The charge on which the husband based his right to divorce was willful and malicious desertion. If the wife, in a passion, aroused by the single unmanly blow of the husband, leaves his house, in a mere spirit of resentment, not intending to permanently desert him, then on reflection returns, and finds her home barred against her; then, by violence, seeks to enter; then, is prosecuted by the husband, and thereafter does not return, this, in no legal sense of the words, is a " willful and malicious desertion." Such desertion is a departure without adequate cause, but not a willful absence, regardless of her marital duty. Such a blow, as she testifies he gave her, some wives, of physical courage and strength, would have resented by giving the husband another, and there probably the quarrel would have ended; this wife resented it by leaving his presence, going out of the house. She was probably too weak or too timid to retaliate in any other way; but she testifies, that in so doing she did not intend to " give up her home." Then, when she did return, his conduct enforced upon her further absence.

Such desertion as this is not willful and malicious, even if he struck her but a single blow before she left. If her testimony be believed, his conduct, after she left, indicates an intention to prevent her return. The instruction, that it was not the duty of the husband to persuade the wife to return, was correct; but the jury should also have been told that, if she left the house under the provocation of a blow, and soon after returned, it was his duty to receive her, and that if he, in anticipation of her return, locked the doors against her, he cannot be heard to say that her absence thereafter was willful and malicious desertion.

In Grove's Appeal, 37 Pa. 443, we held that the wholly inexcusable departure of the wife from her husband's house did not justify him in refusing to receive her when she returned; that such conduct on his part was a virtual turning her out of doors.

The evidence tending to show cruel and barbarous treatment such as would justify her in leaving the husband, is mainly that

of the wife; she testifies to repeated assaults and indignities, but, with the exception of the personal violence immediately before the separation, no dates are given.   Most of this conduct appears to have been afterwards.   Her testimony is disconnected, and, in some material particulars, such as dates, or even approximate dates, vague; and although it covers more than a dozen printed pages of the paper-book, the examination does not seem to have been aimed at eliciting a specific statement of facts.   It is, therefore, impossible to attempt a satisfactory review of the alleged error of the court in the refusal to affirm defendant's first point.   The law applicable to the facts as the court assumed them to be proven, is correctly stated.   The court says: " I can scarcely affirm or disaffirm the point, but I pass it with the suggestions already made."   The suggestions already made were, in substance, that the evidence of a single blow would have been insufficient to warrant, on her application, a divorce of the wife from her husband on the ground of cruel and barbarous treatment, and therefore was insufficient to justify her desertion of him.   If there was a willful desertion, that is, a departure with the intention not to return, it was malicious, unless justified by such cruel and barbarous treatment as endangered life or health, and rendered cohabitation unsafe.   Cruel and barbarous treatment is not established by a single blow of the character of this one given in anger; if the several acts of violence and threats alleged occurred before the separation, the burden was on defendant to prove that fact; if they were after she left him, clearly they did not prompt her to that act, whatever bearing they might have on the question as to whether a desertion, at first causeless, afterwards, by reason of his conduct, ceased to be willful.   We can very well discern how, on the character of the evidence on this point, it was as difficult for the court to affirm or disaffirm it, as for us to say he erred in not affirming it.   The evidence was not specific enough to warrant a specific answer.   But we think the court, in not submitting the evidence on the first question to the jury, erred, for even although it would not have entitled her to a divorce from her husband on the ground of cruel and barbarous treatment, yet, if believed by the jury, there was not willful and malicious desertion.

The judgment is reversed, and a venire facias de novo awarded.