## John A. Whelan, Appellant, v. Mrs. Emma M. Whelan.

183 293
35 SC 631

*Divorce—Desertion—Refusal of request to return.*

A desertion without consent and without sufficient legal cause is presumed to be wilful and malicious, and when a wife so leaves her husband, and for a period of two years refuses to return, she is guilty of such desertion as will entitle him to a divorce. A husband will be entitled to a divorce where the evidence shows that his wife left his house after a quarrel, although her husband's mother entreated her not to go; that a few days afterwards she sent for her clothes; that subsequently she paid no attention to a kind and conciliatory letter from her husband in which he urged her to return, and on a number of occasions she refused his request to return, and stated that she would not speak to him, and that if he spoke to her on the street she would have him arrested.

Argued Oct. 27, 1897. Appeal, No. 89, Oct. T., 1897, by plaintiff, from decree of C. P. No. 2, Allegheny Co., July T., 1896, No. 332, on libel for divorce. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Libel for divorce.

The court below in an opinion by WHITE, J., refused the di-

vorce on the ground that the evidence did not prove a wilful and malicious desertion.

The evidence is reviewed in the opinion of the Supreme Court.

*Error assigned* was decree of the court.

*Thomas M. Marshall, Jr.,* with him *Frank P. Sproul,* for appellant.

No paper-book was filed nor appearance entered for appellee.

OPINION BY MR. JUSTICE GREEN, November 10, 1897 :

This is a libel for divorce on the ground of wilful and malicious desertion, brought by the husband against the wife. The learned court below thought that the evidence was not sufficient to prove a wilful and malicious desertion on December 24, 1893, and therefore refused a decree of divorce. We are unable to take that view of the testimony, and are very clear that the evidence establishes fully that the desertion was deliberate, intentional and continuous from the time the respondent left the libellant's home which was on December 24, 1893. On that day there was a quarrel in the morning between the parties, which was renewed in the evening, and thereupon the wife left her husband's home, although his mother entreated her not to leave, reminding her of her marriage vows at the altar. She replied that she did not care what she had promised, and left. She went to the home of her parents and in a few days sent for her clothes which were taken to her, and from that time on she never returned to her husband's home. On January 4, 1894, less than two weeks after she left, her husband sent her a kind and conciliatory letter, urging her to return, and promising to treat her kindly, and assuring her that she would be made welcome if she returned. To this letter she made no reply and paid no attention. It was testified that at the hearing before Judge PORTER upon an application for support, her husband at the instance of the judge made another effort at reconciliation, but it was in vain. She refused even to speak to him, and turned her back to him. It was also testified that the other members of her husband's family made efforts to bring about a reconciliation both before and after the hearing, but she refused to negoti-

ate with them.   Another witness, a friend of hers, to whom the libellant spoke, expressing a desire to speak with his wife, repeated this wish to the respondent who replied, " No, I will never speak to him.   If he speaks to me on the street I will have him arrested."   This occurred about a year after separation.   The libellant testified to repeated efforts he had made to have her come back, and to similar efforts made by members of his family, but said she always refused.   He said he was always willing to take her back and desired her to come, but that she would not do so, saying that she intended staying with her mother.   Another witness, Adams, testified that he went with the libellant to see his wife and they did see her, and libellant asked her to come back and she refused to do so.   This was in the spring of 1896. The witness further said the libellant was urgent to have her come back, and that he knew he was acting in good faith in making the request.   Against all this testimony there is not a particle of opposing evidence.   The husband's efforts to induce his wife to return and live with him commenced a week or two after she left him, and continued persistently and repeatedly until the filing of the present libel.   It was testified to by a number of witnesses that they lived pleasantly together up until the time the respondent left her husband, and none knew of any reason for her leaving him.   It is impossible to regard such conduct on the part of the respondent as other than wilful and malicious desertion, persisted in for considerably more than two years, without any cause that the law can recognize.   A mere quarrel at the time of the desertion is no justification.   It is neither alleged nor proved that any personal violence was inflicted by the husband, nor any abusive language used.   We consider it fully proved that the respondent intended to desert her husband when she left their home, and that she persisted in that purpose continuously from that time forward.   That it was malicious and wilful is a necessary conclusion from all the circumstances. We know of no cause but the quarrel, and that is no cause at all in any legal sense.   We are therefore of opinion that the decree of divorce from the bonds of matrimony should be granted.   In Bauder's Appeal, 115 Pa. 480, we held that a wife who refuses the repeated requests of her husband for the period of two years, to return to him and live and cohabit with him, is guilty of such desertion as will entitle the husband to a divorce,

even though during this time the husband has paid her a fixed sum per week for her support, under an order of the court of quarter sessions of the peace, made in a proceeding for desertion against him by his wife. In Van Dyke v. Van Dyke, 135 Pa. 459, we held that a desertion which is without consent, and without sufficient legal cause, is presumed to be wilful and malicious, and if persisted in for two years or more, it will entitle the injured party to a decree of divorce.

The decree is reversed at the cost of the appellee and the record is remitted with instructions to enter a decree of divorce for the libellant.