## Barner v. Barner.

*Practice—Divorce—Amendment of libel—Allowance by master.*
1. A master appointed by the court to hear testimony in divorce and report his findings, etc., has no authority to permit an amendment of the libel where a variance between the *allegata* and *probata* developed in the course of the taking of testimony. The proper procedure would have been to petition the court for leave to amend.

*Divorce—Desertion—Wilful and malicious—Failure to seek reconciliation.*
2. A desertion which is shown to have been without legal cause, and which has continued for more than two years, may be presumed to be wilful and malicious.
3. Evidence of failure on the part of the party injured to seek a reconciliation does not establish a consent to separation.

Divorce. Exceptions to report of master. C. P. Dauphin Co., Sept. T., 1920, No. 105.

*W. Justin Carter*, for libellant; *Beidleman & Hull*, for respondent.

Fox, J., Dec. 1, 1921.—This case arises upon exceptions to the master's report in divorce.

The libel was presented to the court on Sept. 29, 1920, and a subpœna was awarded returnable on Sept. 27, 1920. The libel charged that on Aug. 9, 1918, the respondent "hath wilfully and maliciously deserted and absented herself from the home and habitation of the petitioner without any just or reasonable cause, and such desertion hath persisted in from thence hitherto, and still absents herself as aforesaid." Service of the subpœna was made upon the respondent, and upon motion a master was appointed by the court, and after due notice of the hearing, testimony was taken on the part of the libellant, the respondent not appearing.

The testimony shows that the marriage of the libellant and respondent took place on Dec. 25, 1899, and not on March 12, 1914, as alleged in the libel. It also shows that the desertion took place on Feb. 24, 1919, and not on Aug. 19, 1918. Counsel for the libellant offered at the time of the taking of the testimony to amend the libel in both these respects, and requested the master to permit the same to be amended accordingly. The master refused to permit the amendments on the ground that he had no authority so to do, and on Oct. 20, 1921, made his report to the court, in which he found that he had no

1 D. & C.

Barner *v.* Barner.

power to permit the amendment, and also that the libellant was not entitled to a divorce on the ground of the alleged desertion.

The *allegata* and the *probata* do not agree. The libel should have been amended by stating the correct date as disclosed by the testimony of the marriage, and also that of the desertion. There would have been no difficulty in making this amendment, and the proper course would have been to petition the court for leave to amend. The master was right in not allowing the amendment.

We are not in accord with the conclusion of the master that a case of wilful and malicious desertion as required by the statute has not been made out by the libellant. It is held that: "The charge being a wilful and malicious desertion and absence from the habitation of the other without reasonable cause for and during the term and space of two years. The applicant for a divorce on such a ground must establish with sufficient certainty every and each of these ingredients as elements necessary to constitute desertion within the meaning of the act. They must all co-exist in proof or no decree can be granted. Courts ought never to sever the marriage contract, but where the application is made in sincerity and truth for the causes set forth, and no other, and fully sustained in the testimony:" Smith *v.* Smith, 15 Pa. Superior Ct. 366, and cases there cited. In Whelan *v.* Whelan, 183 Pa. 293, the court, amongst other things, said: "In Van Dyke *v.* Van Dyke, 135 Pa. 459, we held that a desertion which is without consent and without sufficient legal cause is presumed to be wilful and malicious, and if persisted in for two years or more, it will entitle the injured party to a decree of divorce."

We have examined the whole of this testimony carefully and think that the letter offered in evidence as Exhibit "G" of the respondent to the libellant, dated Feb. 24, 1919, clearly shows a desertion on the part of the respondent without sufficient legal cause, and that it was wilful and malicious. Other testimony was taken clearly showing the cruel and barbarous treatment of the respondent towards the libellant prior to the date of the letter, and it is admissible only for the purpose of showing the intent and purpose of respondent in writing the letter and the wilful and malicious conduct of the respondent in connection therewith, and also as casting light upon the libellant's subsequent conduct.

The question as to whether the libellant consented to this desertion is considered by the master. He finds that there is evidence of collusion, as shown by the letter of the wife; he also finds that the libellant never went back to the wife; never exerted his right to return to the home where she remained; that he took no step toward a reconciliation. The latter is true, and even though he did none of these things, it is to be remembered that he was the party injured and not the one who committed the wrong. We do not think this proves collusion or consent. In the case of Burkey *v.* Burkey, 8 Berks Co. L. J. 151, 25 Dist. R. 982, where the master recommended a decree adverse to the libellant, and the latter excepted to the court, Judge Endlich, reversing the master, said, amongst other things: "If the libellant has taken no steps toward reconciliation, it is to be remembered that he is the party injured, not the one who committed the wrong. It was the respondent who began the separation, and it was for her to offer to return;" and in this case the evidence shows a purpose on the part of the respondent to discontinue marital relations, which she did in no uncertain terms, and having previously treated the libellant in a cruel and barbarous way, he may have been justified in not returning to the home which she claimed as her own, and to which she refused him admission even if he should return, and because he did not return and seek a reconcili-

ation, does not derogate from or qualify the facts as shown by the testimony. We do not think that the evidence discloses such a consent on his part as would make this a separation only. We think it sufficient to sustain a finding of desertion as required by the statute, but, as we said above, the *allegata* and *probata* do not agree and the libel should be amended.

The case will be continued with leave to the libellant to move to have the libel amended so that the *allegata* and *probata* will agree, and upon such amendment being properly made, and upon motion of counsel, a reference back to the master will be made for the purpose of taking additional testimony, if desired, and making further report thereon.

From William Jenkins Wilcox, Harrisburg, Pa.