## Reinhardt, Appellant, v. Reinhardt.

Argued October 5, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*A. Bernard Hirsch,* of *Hirsch and Salus,* for appellant.

*Frank Bechtel, Jr.,* and with him *Andrew J. Schroder, 2d* and *Albert T. Hanby,* for appellee.

OPINION BY PARKER, J., December 16, 1933:

In the libel filed in this divorce case the respondent was charged with cruel and barbarous treatment, indignities to the person, and desertion. On hearing before a master, the libellant abandoned the first two charges and depended alone on desertion. The master having made a report recommending the granting of

a divorce, the lower court sustained exceptions to that report and dismissed the libel.

Counsel for libellant contends that the conclusion and findings of the master should be accepted in preference to those of the lower court. While the findings of a master in a divorce proceeding are entitled to consideration by the court, "his findings have not the conclusiveness of those of an auditor or a master in chancery": Rommel v. Rommel, 87 Pa. Superior Ct. 511, 512. For a full discussion of this subject, also see the late cases of Nacrelli v. Nacrelli, 288 Pa. 1, 136 A. 228, affirming the decree (87 Pa. Superior Ct. 162) entered in that case by this court, and Langeland v. Langeland, 108 Pa. Superior Ct. 375, 164 A. 816. It is the duty not only of the lower court, but of this court, to consider all the evidence in the case and to determine independently whether the conclusion reached by the master is supported by such a preponderance of the evidence as the law requires.

The proper solution of the problem presented to us involves no new principles of law and does not require an extended discussion. After their marriage, the parties did not occupy a common abode as the libellant remained with his parents and the respondent continued to work. This arrangement was made, as the respondent alleged, because the libellant was afraid to tell his parents, and that in spite of the fact that he was of full age and had been married before. Three children were born of this marriage when some marital disputes arose, provoked, we believe, by the attentions of the libellant to a woman about ten years younger than this husband and wife. About this time the respondent, with the three small children and with the acquiescence of her husband, as she alleged, moved to Blackwood, N. J., where the husband visited her twice a week but continued his principal residence with his parents in Philadelphia. On October 15, 1926, the hus-

band on going to the home in Blackwood found that his wife and children were gone. This, he claims, was a wilful and malicious desertion. Two weeks later he located the family within a square of the former abode. As the learned judge of the lower court stated, "the efforts to find her were ludicrous." On his own admissions, he visited her at the new home and in December of the same year moved the family to Philadelphia and installed them in a home. The wife denied that she had any intention of deserting her husband. The evidence is certainly not clear and satisfactory that the conduct of the wife in moving her home at Blackwood constituted a wilful and malicious desertion. If the wife's departure had been wholly inexcusable, this would not have justified the husband in refusing to receive her when she returned: Hardie v. Hardie, 162 Pa. 227, 230, 29 A. 886; Grove's Appeal, 37 Pa. 443. The situation is not different where the husband and wife resume their normal relations after a departure of the wife from the home.

As to the continuance of the desertion for the statutory period of two years the evidence of the husband is even weaker. He admitted frequent visits to her home, as he alleged for the purpose of seeing the children, while the wife testified that he visited her on an average of twice a week and had sexual intercourse with her until the year 1929 although he did not have a common abode with her after 1926. She also testified that she constantly urged her husband to leave his parents' home and spend his entire time with his family. There is not any direct corroboration of the evidence of either of the parties, while the attendant circumstances disclosed by the testimony of the parties themselves and other witnesses favored the wife rather than the husband. We, therefore, have a situation where the libellant depends almost exclusively upon his own testimony to prove a desertion by

the respondent, while his evidence is denied by the wife who alleges that it was the fault of the libellant rather than the respondent that they did not occupy the same residence. "A decree may be supported by the testimony of the complainant alone, but if this testimony be contradicted and shaken by the respondent and there be no convincing circumstances warranting a disregard of the contradictory evidence, a case has not been made out": Rommel v. Rommel, supra, (p. 512). The lower court and all the members of this court, after an independent and careful examination of the testimony, are convinced that the evidence furnished by the libellant is not of the clear and satisfactory nature that is required to warrant the entering of a decree in divorce.

The order of the lower court dismissing the libel is affirmed.