## Doman *v.* Doman, Appellant.

Argued October 14, 1942.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Roy Pressman,* for appellant.

No brief was filed nor appearance made for appellee.

OPINION BY HIRT, J., February 26, 1943:

The parties to this divorce action were married in
1929. The libel charges desertion. Respondent on
the contrary maintains that the libellant deserted her.
The master in a well considered report which contains
an accurate review of the material testimony, found
that the charge of the libel was sustained; the court
dismissed respondent's exceptions and entered a decree
of divorce.

There were frequent dissensions between the parties
and many arguments. Libellant maintains that the
cause of their serious differences was the wife's ex-
cessive drinking. She attributes their difficulty to
libellant's interest in one Marie Henderson. At the
time of the alleged desertion they were living in a
small furnished apartment at 923 N. Second Street in

Philadelphia. Libellant testified that following a violent quarrel on May 23, 1938 when he upbraided respondent for her drinking, she left the apartment taking with her such furniture as belonged to them. There is some evidence that libellant later requested her to return but it is conceded that they have not lived together since about that date. Respondent on the other hand testified that libellant left her on that occasion and that she remained alone in the apartment until June 1938 when the landlord evicted her because the rent was not paid.

The proof of the basic fact as to who left the other must be determined from the testimony of the parties. Our conclusion from a careful reading of the entire record is that libellant's testimony is credible and constitutes clear and satisfactory proof that his wife deserted him. This view is confirmed by the master's findings. The master's report is not conclusive (*Rommel v. Rommel*, 87 Pa. Superior Ct. 511) but it should receive full consideration where, as here, the credibility of witnesses is involved. *Snyder v. Snyder*, 141 Pa. Superior Ct. 533, 15 A. 2d 383. There is also testimony of libellant's sister, who lived with the parties for four years, that respondent as early as 1933 and on a number of other occasions threatened to leave him.

The wife's separation from her husband without reasonable cause or legal justification amounts to a wilful and malicious desertion and so continues in the absence of an offer of the wife in good faith to resume marital relations. *Ward v. Ward*, 117 Pa. Superior Ct. 125, 177 A. 515. There was no offer of reconciliation by the wife in this case. On the contrary there is credible testimony of two witnesses that in October 1938 the respondent said to them that she hated her husband and would never go back to him. Respondent testified that after the separation she made no effort to get in

touch with her husband; that she did not know where he was living and did not try to find out.

Respondent has not met the burden upon her of justifying the desertion. *Scholz v. Scholz,* 113 Pa. Superior Ct. 359, 173 A. 761. The quarrel which precipitated the desertion is not justification. *Whelan v. Whelan,* 183 Pa. 293, 38 A. 625. There are accusations that respondent had an improper interest in one Marie Henderson but the testimony at most raises suspicions and falls short of identifying her, and there is no evidence of any probative value of libellant's misconduct with any woman.

Our conclusion from an independent consideration of the testimony is in accord with that of the master and the lower court.

Decree affirmed at respondent's costs.