BLOOM v. RABKIN.

*Municipal courts—Duty to state conclusions of fact and law separately—Section 11470, General Code.*

Section 11470, General Code, providing that where questions of fact are tried by the court, the court, if one of the parties to the action so requests, shall state in writing the conclusions of fact separately from the conclusions of law, is mandatory, and is applicable to municipal courts. A refusal of the court to comply therewith is error.

(Decided April 16, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Jos. L. Meyer,* for plaintiff in error.
*Mr. Moses Ruskin,* for defendant in error.

HAMILTON, J. This case, brought to recover the sum of $25, originated in the Municipal Court of Cincinnati.

Courts, 15 C. J. § 418; Trial, 38 Cyc. pp. 1954, 1956 (Anno.).

It was tried to the court without the intervention of a jury, and judgment rendered in favor of plaintiff in the sum of $15.

The plaintiff in error, who was defendant below, prosecuted error to the Court of Common Pleas.

It appears that after the pronouncement of judgment for plaintiff by the Municipal Court the defendant filed a motion for separate findings of fact and conclusions of law, which motion was overruled by the Municipal Court, which refused to make separate findings of fact and conclusions of law. This was the main point of error made before the Common Pleas Court on review.

The Court of Common Pleas found no error in the refusal of the Municipal Court to make separate findings of fact and conclusions of law, and affirmed the judgment of the Municipal Court. From that judgment of affirmance, plaintiff in error prosecutes error to this court.

Section 11470, General Code, provides:

"When questions of fact are tried by the court, its finding may be general for the plaintiff or defendant, unless, with a view of excepting to the court's decision upon questions of law involved in the trial, one of the parties so requests, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

The provisions of this section are mandatory. *Cleveland & Toledo Ry. Co.* v. *Johnson & Kellogg,* 10 Ohio St., 591; *Oxford Township* v. *Columbia,* 38 Ohio St., 87.

In the case of *Oxford Township* v. *Columbia, supra,* the court holds, in the syllabus:

"Where a party requests that the court state separately the conclusions of law and fact under the civil code, * * * and the request is not complied with, a judgment against such party should be reversed, unless it appear from the record that he was not prejudiced by the refusal."

Whether or not the plaintiff in error was prejudiced we are unable to ascertain, since there is no transcript of the evidence in the record. There is no bill of exceptions in the case, showing whether or not the judgment was right, based upon the facts as therein disclosed.

The chief purpose of a finding of facts is to avoid a long bill of exceptions. The defendant in error makes the point that while Section 11470 is mandatory upon the Court of Common Pleas, when request is made, the section does not apply to Municipal Courts. This objection is answered in the case of *Cleveland Produce Co.* v. *Dennert*, 104 Ohio St., 149, which was a case originating in the Municipal Court of the city of Cleveland. The court held that the statute applied to the Municipal Court of Cleveland. In the opinion Chief Justice Marshall arrives at that conclusion in a general discussion of the law; and not with reference particularly to the Municipal Court of Cleveland. There is no special act of the Legislature which would make the rule apply to the Municipal Court of Cleveland, and not to the Municipal Court of Cincinnati. The *Produce Co. case* is controlling, and it was the duty of the trial judge of the Municipal Court, upon the request of defendant, to make separate findings of fact and conclusions of law in conformity to Section 11470, General Code, and the refusal to do so was error.

The judgment of the Court of Common Pleas and Municipal Court will be reversed, and the cause remanded to the Court of Common Pleas with instructions to remand the case to the Municipal Court of Cincinnati for a new trial.

*Judgment reversed, and cause remanded.*

CUSHING and BUCHWALTER, JJ., concur.