## Nacrelli et al., Appellants, *v.* Nacrelli.

*Divorce—Duty of courts to examine evidence—Master's findings—Acts of May 5, 1899, P. L. 248, and March 10, 1899, P. L. 8.*

1. There is nothing in the Act of May 5, 1899, P. L. 248, transferring divorce appeals to the Superior Court, or in the Act of March 10, 1899, providing for the appointment of masters in divorce cases, which relieves either the trial court or the appeal courts from the duty in all divorce cases, except those tried by a jury, from reviewing the testimony and deciding upon the merits of the case.

2. While the report of a master, who saw and heard the witnesses, should be duly considered, it cannot be treated as controlling, either in the trial court or on appeal.

3. The rule as to the weight to be given by the trial court to a master's findings in equity, or the weight to be given on appeal to such findings, approved by the trial court, is not applicable to divorce cases.

*Divorce—Adultery—Connivance.*

4. A husband suing for divorce on the ground of adultery is not entitled to a decree in his favor, where it is shown that he connived at the misconduct of his wife.

Argued November 24, 1926. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 249, Jan. T., 1926, by plaintiffs, from judgment of Superior Court, Oct. T., 1925, No. 25, re-

versing decree of C. P. Delaware Co., March T., 1922, No. 226, awarding divorce in case of Joseph M. Nacrelli and Henry R. Nacrelli, Ex'rs of Estate of Henry Nacrelli, deceased, v. Helen Orr Nacrelli. Affirmed.

Appeal from decree awarding divorce. Before JOHNSON, P. J.

The opinion of the Supreme Court states the facts.

Decree awarding divorce reversed by Superior Court in opinion by LINN, J., 87 Pa. Superior Ct. 162. Plaintiffs appealed.

*Error assigned* was decree of Superior Court.

*Francis Shunk Brown,* with him *William C. Alexander,* for appellants.—Findings of the master, confirmed, by court below, after examination of evidence, should be given great weight and should not be reversed unless clearly erroneous: Piper's App., 20 Pa. 67; Springer v. Springer, 43 Pa. 518; Rosenberry v. Rosenberry, 180 Pa. 221; Best v. Best, 161 Pa. 515; McMillin v. McMillin, 183 Pa. 91; King v. King, 36 Pa. Superior Ct. 33.

*John B. Hannum, Jr., of Hannum, Hunter & Hannum,* with him *Albert Dutton MacDade,* for appellee.—In the court of first instance, it is a well established rule of procedure that the report of the master is informative only and in no wise binding upon the court. It is likewise held, not only that the court may consider the case without the aid of the master's report, but also that it is incumbent upon the court to read the entire record, including all the testimony, and to make its independent finding based thereon: Michaels v. Michaels, 65 Pa. Superior Ct. 464; Middleton v. Middleton, 187 Pa. 612; Burns v. Burns, 84 Pa. Superior Ct. 489.

That the Superior Court has taken this view of the matter and has faithfully acted upon the instructions of the Supreme Court contained in the case of Middleton

v. Middleton, is clearly shown by the fact that this phase of the case has been cited and followed by the Superior Court in no less than twenty-four different cases; nor has that court ever waivered from the guide given to it by the Supreme Court. These cases are as follows: Mendenhall v. Mendenhall, 12 Pa. Superior Ct. 290, 298; Smith v. Smith, 15 Pa. Superior Ct. 366, 370; Howe v. Howe, 16 Pa. Superior Ct. 193, 195; Edgar v. Edgar, 23 Pa. Superior Ct. 220, 221; Rishel v. Rishel, 24 Pa. Superior Ct. 303, 304; Shoemaker v. Shoemaker, 25 Pa. Superior Ct. 183, 185; Reed v. Reed, 30 Pa. Superior Ct. 229, 232; Schulze v. Schulze, 33 Pa. Superior Ct. 325, 328; Hedderson v. Hedderson, 35 Pa. Superior Ct. 629, 634; Hexamer v. Hexamer, 42 Pa. Superior Ct. 226, 239; Russell v. Phila., 48 Pa. Superior Ct. 622, 629; Thompson v. Thompson, 50 Pa. Superior Ct. 159, 173; Little v. Little, 56 Pa. Superior Ct. 419, 423; Randolph v. Randolph, 59 Pa. Superior Ct. 377, 378; Naylor v. Naylor, 59 Pa. Superior Ct. 547, 559; Heimer v. Heimer, 63 Pa. Superior Ct. 476, 477; Hirsch v. Hirsch, 70 Pa. Superior Ct. 583, 584; Noll v. Noll, 72 Pa. Superior Ct. 15, 16; Fisher v. Fisher, 74 Pa. Superior Ct. 538, 542; Saville v. Saville, 76 Pa. Superior Ct. 458, 459; Giles v. Giles, 80 Pa. Superior Ct. 469, 470; Burns v. Burns, 84 Pa. Superior Ct. 489, 490; Humphreys v. Humphreys, 85 Pa. Superior Ct. 488, 489.

OPINION BY MR. JUSTICE WALLING, January 3, 1927:

This was a libel in divorce by Henry Nacrelli against his wife, Helen Orr Nacrelli, charging her with adultery. Her answer denied the charge and averred that he had connived and conspired with others to cause her to commit adultery, or to create such compromising circumstances as to justify the conclusion that she had done so. The court denied her request for trial by jury and appointed a master before whom numerous hearings were had and much testimony taken. Upon conflicting evidence the master's report recommended granting the

divorce, based upon a conclusion of the wife's guilt and a refusal to find connivance on part of the husband. Many exceptions to this report were filed by respondent, which the trial court dismissed in an opinion as follows: "This is a suit for divorce on the ground of adultery. The master has found in favor of the libellant. To this finding exceptions were filed by the respondent. These exceptions are lengthy and relate to many propositions, mainly, does the evidence warrant a finding that the respondent was guilty of adultery? We have read the evidence taken before the master (voluminous as it is). There is some contradiction, among the witnesses, but we are of the opinion that the finding of the master that the respondent was guilty of adultery is warranted by the evidence. All exceptions filed are dismissed." The court thereupon entered a final decree of divorce, as prayed for; from which respondent appealed to the Superior Court. The latter, upon an examination of the record, including the evidence, reversed the decree and ordered a dismissal of the libel on a finding that the libellant had connived at the alleged misconduct of the wife, which barred him from the relief prayed for, regardless of her guilt or innocence. On libellant's application, we allowed an appeal, by an order as follows: "Appeal allowed with special reference to the extent of the review to be given by appellate courts in appeals in divorce proceedings and to what extent the proceedings in the court of first instance may be considered final."

Under section 7 of the Act of May 5, 1899, P. L. 248, 250, appeals in divorce cases were transferred to the Superior Court. Prior thereto we had held in a uniform course of decisions that appeals in divorce cases brought up the entire record, including the evidence, which it was our duty to carefully examine and determine whether on the facts the trial court had reached a correct conclusion. Mr. Justice DEAN, speaking for the court, in Middleton v. Middleton, 187 Pa. 612, 615, says: "This court has, ever since the passage of the Act of 1815, held

it incumbent on it, on appeal from a decree of divorce, except where there has been an issue and jury trial, to review the testimony, and adjudge whether it sustained the complaint of the libellant. It has not adopted, in such appeals, the rule generally applicable to proceedings before a master or an auditor, that a finding of fact will not be disturbed except for manifest error. In every case in which the appeal was from a decree not based on the finding of a jury from testimony produced and the finding had in open court, under the instructions of the judge as to the law, it has taken up, analyzed and reviewed the testimony, and in nearly every case, has embodied its views in an opinion filed. The last case is Van Dyke v. Van Dyke, 135 Pa. 459, where the opinion of the court is expressed by our Brother McCollum, after a careful scrutiny of the testimony taken before the examiner, with the result that the decree was set aside, because the fact of wilful and malicious desertion was not sustained. Therefore, of whatever drudgery the court of original jurisdiction may relieve itself in this class of cases, by the appointment of an examiner, neither it nor we can escape the burden of a careful consideration of the evidence, to ascertain if it do, in very truth, establish the statutory grounds for a divorce." The Superior Court in an unbroken line of decisions too numerous to cite, but commencing with Mendenhall v. Mendenhall, 12 Pa. Superior Ct. 290, 298, and including the instant case, in 87 Pa. Superior Ct. 162, follow the same rule.

Our attention is called to the Act of March 10, 1899, P. L. 8, replaced by subsequent acts, authorizing the trial court to appoint a master to take the testimony in divorce cases, and to return the same "together with a report of the proceedings before him and his opinion of the case, to the court." These statutes do not change or attempt to change the duty of an appellate court to examine the testimony in divorce cases. President Judge Orlady, speaking for the court in Breene v. Breene, 76 Pa. Superior Ct. 568, 570, says: "We are

obliged by the Statute of May 5, 1899, P. L. 250, section 7, conferring our jurisdiction [as theretofore exercised by the Supreme Court], to examine for ourselves the testimony in cases of this character, and to determine therefrom, independent of the findings of an examiner, or even in the court below, whether in truth and in fact a legal cause of divorce has been made out. Ever since the passage of this act, it has been held incumbent upon this court, on an appeal from a decree of divorce, except where there has been an issue and jury impanelled, to review the testimony and adjudge whether it sustains the complaint of the libellant." Prior to 1899 the trial court appointed examiners, sometimes called masters, to take testimony in divorce cases, and return the same to the court, but the statutory right to make a report and express an opinion of the case seems to have originated in that statute. Such opinion is merely advisory and in no sense relieves the trial court of its duty to fully examine the testimony and decide upon the merits of the case: Sturgeon's Pennsylvania Law and Procedure in Divorce (2d ed.) page 391. Such decision in each divorce case should be founded on the court's personal examination of the testimony and in every contested case should be accompanied by a discussion of the evidence and a finding of the necessary facts and legal conclusions. As stated by Mr. Justice KEPHART, in Hirsch v. Hirsch, 70 Pa. Superior Ct. 583, 584: "It is the duty of the court below in reviewing a proceeding for divorce to state its reasons for overruling or sustaining the exceptions, in addition to reviewing in writing the case on its merits." The statute makes no attempt to relieve the trial court of that duty. However, where an examination of the testimony discloses that the work of the master has been properly done, the court may adopt his findings and conclusions: Fisher v. Fisher, 74 Pa. Superior Ct. 538.

While the report of the master, who saw and heard the witnesses, should be duly considered, it cannot be

treated as controlling, either in the trial court or on appeal. As stated by Mr. Justice DEAN in Middleton v. Middleton, supra, p. 615: "Whether the marital contract shall be severed is the gravest of questions, not alone to the parties, but to the State, for the social structure rests upon it. It never was intended that judicial function should in any material degree be relinquished by conducting the proceedings before a master in his office, or that weighty judicial responsibility should be evaded by shifting it over to a member of the bar. We feel sure, a careful perusal of the statutes will convince any one of the correctness of these observations. The ability, learning and conscience of the court must be called into exercise before there can be a dissolution of this contract. While the witnesses may be examined, and their testimony reduced to writing by the examiner, the court must, before decree, be satisfied by its own knowledge of the testimony that the averments of the libel have been proved by full and competent evidence. It is not sufficient that they have been proved to the satisfaction of the examiner by witnesses that the court neither saw nor heard." The rule as to the weight to be given by the trial court to a master's findings in equity, or the weight to be given on appeal to such findings, approved by the trial court, is not applicable to divorce cases. In Romel v. Romel, 87 Pa. Superior Ct. 511, 512, Judge HENDERSON, speaking for the court, says: "His [the master's] findings have not the conclusiveness of those of an auditor or a master in chancery. They are entitled to consideration by the court, but it is the duty of the latter to consider all of the evidence in the case and to determine whether the conclusion reached by the master is supported by such weight of evidence as warrants a decree." See also Naylor v. Naylor, 59 Pa. Superior Ct. 547; Michaels v. Michaels, 65 Pa. Superior Ct. 464; Burns v. Burns, 84 Pa. Superior Ct. 489; Humphreys v. Humphreys, 85 Pa. Superior Ct. 488.

For more than a century the statutes have expressly given an appeal in divorce cases, and during all that time the courts have uniformly construed it as bringing up for review the entire record, including the testimony, and that must now be treated as settled law in this Commonwealth.

In the instant case the controlling question was not, as the trial judge seemed to assume, whether the respondent had committed adultery, but whether under all the facts and the law the divorce should be granted. Here he fell into error, for his opinion entirely omits all reference to the question of connivance, which, if present, defeats the action. In the words of President Judge ORLADY, for the court in Clawell v. Clawell, 63 Pa. Superior Ct. 88, 90: "A man who is so far forgetful of his own duties, moral and religious, and of all feelings of honor, as to connive at his own disgrace by being a party to her adultery, does not come to a court of justice with clean hands, when he seeks a separation from her on account of the conduct which he has deliberately arranged should occur." Hence, the Superior Court's finding of connivance, etc., while it necessitates a reversal of the decree, does not reverse a fact mentioned as found by the trial court, although the reversal of a fact so found is within the province of the Superior Court. Its finding here is supported by abundant evidence, some direct, some circumstantial and much depending on libellant's own admissions. He is now dead and to spread the details upon the record here would serve no useful purpose. In proper cases the injured party should be granted relief by divorce, as the law provides, but this is not such a case.

The decree of the Superior Court is affirmed at the cost of libellant's estate.