Allen, J.
 

 This is a proceeding in prohibition filed in this court. A general demurrer has been filed to the petition, upon the ground that it does not ■ state facts which constitute a cause of action. The petition is as follows:
 

 
 *537
 
 “Plaintiff says that on the 28th day of December, 1927, she filed suit for divorce in the court of common pleas, division of domestic relations, Hamilton county, Ohio, being case No. A-6719; that service of summons was duly made in said case; that said case came on for hearing in its regular order before Hon. Charles W. Hoffman, the judge of said court, but, instead of hearing said case, his honor referred same for trial of the issues both of law and fact tó James H. Cleveland, a member of the bar of Hamilton county, said order of reference reading as follows:
 

 “ ‘The court on its own motion orders that this cause be, and it hereby is, referred to James H. Cleveland for the trial of issues, both of law and fact lying therein, and said referee is hereby ordered to report its findings and decision to this court without unnecessary delay.’'
 

 “Your relator further says that Charles W. Hoffman is the duly elected judge of the court of common pleas, division of domestic relations, Hamilton county, Ohio, and at the time said case was called for hearing he was not sick, absent, or unable to perform his duties, and had no jurisdiction or authority to designate or appoint any one else to hear said case.
 

 “Your relator further says that the said James H. Cleveland is without jurisdiction or authority to hear said case, but threatens to.do so in accordance with said order of reference, and will proceed with said hearing, unless he is prohibited from, doing so by this court, and your relator will thereby be deprived of a hearing before Charles W. Hoffman, judge of the court of domestic relations, who was
 
 *538
 
 duly elected by the electorate of Hamilton county to hear said cases.
 

 “Wherefore your relator prays for an order prohibiting the said James H. Cleveland from hearing said case and complying with said order of reference.”
 

 The reference was made under Sections 11379, 11475, 11476, 11478, 11479, 11480, 11481 and 11482, General Code. These statutes read as follows:
 

 Section 11379: “Issues of law must be tried by the court, unless referred as hereinafter provided. Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial be waived, or a reference be ordered as hereinafter provided. ’ ’
 

 Section 11475: “All or any of the issues in the action or proceeding, whether of fact or law, or both, may be referred by the court, or a judge thereof in vacation, upon the written consent of the parties, or upon their oral consent in court entered upon the journal.”
 

 Section 11476: “When the parties do not consent, the court, or a judge thereof in vacation, upon the application of a party, or of its or his motion, may direct a reference in any case in which the parties are not entitled by the Constitution, to a trial by jury.”
 

 Section 11478: “A trial by referees shall be conducted as if by the court; and in like manner, they may summon and compel the attendance of witnesses, administer necessary oaths, and grant adjournments.”
 

 Section 11479: “Referees must state the facts found, and conclusions of law, separately. Their
 
 *539
 
 decision must be given, and may be excepted to and reviewed, as in a trial by the court. Their report upon the whole issue shall stand as the decision of the court, and judgment may be entered thereon as if the court had tried the action.”
 

 Section 11480: “When the reference is only to report facts, the report of referees shall have the effect of a special verdict in the action.”
 

 Section 11481: “If the court so directs, but not otherwise, referees shall reduce the testimony of witnesses in either form of reference to writing, and have each witness subscribe to his testimony.” Section 11482: “In cases of reference, except
 

 when an infant is a party, the parties may agree upon a suitable person or'persons, not exceeding three, and the reference shall be ordered accordingly. If the parties do not agree, the court shall appoint referees, not exceeding three, who shall be free from exception.”
 

 It is conceded by both parties to the action that divorce is a statutory proceeding and a special form of civil action. It is also conceded that the procedure of civil actions is applicable to divorce actions, in so far as practicable, and unless otherwise restricted by the provisions relative to divorce. It is the contention of the plaintiff herein, however, that the special provisions relative to divorce and alimony restrict the general provisions applicable to other civil actions, and preclude the reference of a divorce action to a referee. The defendant maintains that the statutes expressly authorize reference of divorce cases as well as of other civil actions.
 

 Do the special provisions relative to divorce and
 
 *540
 
 alimony limit the general provisions as to reference applicable to other civil actions?
 

 Section 11986, General Code, reads as follows:
 

 “If the defendant fails to appear, or, having appeared, admits or denies in his answer the allegations in the petition, the court shall hear and determine the cause. On the hearing, if any of the causes for divorce charged in the petition be proved to the satisfaction x>f the. court, it may pronounce the marriage contract dissolved and both of the parties released from its obligations.”
 

 Under the plain wording of' this section, we are compelled to agree with the plaintiff. After providing that the “court shall hear and determine the cause,” the section later provides that the court “may pronounce the marriage contract dissolved.” It is also worthy of note that the section makes the granting of the divorce dependent upon proof' of the causes of divorce,
 
 to the satisfaction of the court.
 

 In this statute the Legislature invested- the court of common pleas with a wide measure of discretion when it stated that the court
 
 “may
 
 pronounce the marriage contract dissolved.” The proper exercise of this discretion would seem to require that the judge entering a divorce decree should have a personal view of and a personal interview with the witnesses. Then, when the Legislature emphatically states that “the court shall hear # # the cause,” and that the court “may pronounce the marriage contract dissolved,” if the cause “be proved to the satisfaction of the court,” it seems to us too evident to be open for discussion that the Legislature intended the judge personally to hear and determine
 
 *541
 
 divorce causes. We therefore conclude that a reference cannot be made in a divorce case under the Ohio statutes.
 

 It is unnecessary to waste words in pointing out the soundness of this provision. Where the continuance of the marriage .contract and the custody of children are involved in the controversy, the personal attitude of the parties, their bearing and demeanor, necessarily and rightly guide and influence the judge in his decision. It would be a mistaken public policy which would enable a judge to refer divorce cases in a crowded county, like Hamilton or Cuyahoga, to this, that, or the other nonelective referee, and then approve a typewritten decision, without seeing before him the husband and wife whose relations are at stake. It is because of this fact that it has generally been held that reference in divorce cases will not be allowed, even by consent of both parties.
 

 ,In
 
 Hobart
 
 v.
 
 Hobart,
 
 45 Iowa, 501, the court held that a divorce action cannot be sent to a referee even' when both parties consent, but must be publicly tried in open court by the courts themselves.
 

 In
 
 Nacrelli
 
 v.
 
 Nacrelli,
 
 288 Pa., 1, 136 A., 228, and in
 
 Middleton
 
 v.
 
 Middleton,
 
 187 Pa., 612, 41 A., 291, where the referee’s examination of the witnesses in divorce cases was allowed by specific statute, the court held that the master had no authority to find facts and suggest a decree; and in the latter- case the court made the following pertinent statement, at pages 615 and 616 (41 A., 291):
 

 “Whether the marital contract shall be severed is the gravest of questions, not alone to the parties, but to the. state, for the social structure rests upon it. It never was intended that judicial function
 
 *542
 
 should in any material degree be relinquished by conducting the proceedings before a master in his office, or that weighty judicial responsibility should be evaded by shifting it over to a member of the bar. * * * The ability, learning and conscience of the court must be called into exercise before there can be a dissolution of this contract. While the witnesses may be examined, and their testimony reduced to writing by the examiner, the court must, before decree, be satisfied by its own knowledge of the testimony that the averments of the libel have been proved by full and competent evidence. It is not sufficient that they have been proved to the satisfaction of the examiner by witnesses that the court neither saw nor heard. * * * As is said in
 
 Richards
 
 v.
 
 Richards, supra
 
 [37 Pa., 225], ‘Never ought divorces to be easily obtained, for marriage is the most sacred of human relations, and should never be dissolved without clear proof of imperious reasons.’ ”
 

 The statutes construed in these decisions, it is true, are not identical with our own; but the observations made by the courts in question upon the general policy of reference in divorce actions are apt and cogent here.
 

 The writ of prohibition may be invoked against inferior courts or inferior tribunals, ministerial or otherwise, that possess incidentally judicial or quasi judicial powers, to keep such courts or tribunals within the limits of their own jurisdiction.
 
 State, ex rel. Nolan,
 
 v.
 
 ClenDening,
 
 93 Ohio St., 264, 112 N. E., 1029.
 

 The petition sets out a proper case for the invocation of this writ. The demurrer concedes the well-
 
 *543
 
 pleaded averments of the petition, and it is evident that there is- no other adequate remedy. Hence we overrule the demurrer and allow the writ.
 

 Writ allowed.
 

 Marshall, C. J., Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.