Grey, Appellee, *v.* Grey, Appellant.

216

Argued March 16, 1934.

Before KELLER, CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Calvin F. Smith,* of *Smith & Paff,* for appellant.

*C. T. Woodring,* and with him *Francie E. Walter,* for appellee.

OPINION BY STADTFELD, J., May 8, 1934:

This is an action in divorce a. v. m., by the husband John S. Grey, against his wife, Florence Grey, on the ground of cruel and barbarous treatment, and indignities to the person. The libel was filed on October 5, 1931. On April 29, 1932 a general appearance was entered for respondent. On August 19, 1932, the respondent's answer, with acceptance of service by libellant's attorney, was filed. Libellant's libel averred that he was married to respondent on October 28, 1913, and from that time until March 4, 1930, lived and cohabited with the respondent as her husband. The libel charged the alleged acts of cruelty and indignities as commencing from the 15th day of July, 1926.

An answer was filed by respondent admitting that libellant and respondent went through the forms of a marriage ceremony on October 28, 1913, but averring that she and the libellant were married on October 28, 1903, and from that time hence the libellant considered and acknowledged the respondent to be his lawfully wedded wife and the said parties cohabited with each other in that relationship. The answer denied the allegations in the libel, and averred that the respondent from a time shortly after their marriage, and continuing constantly to the time when the said parties separated, subjected respondent to the grossest indignities and abuses. On March 28, 1932 a master was appointed before whom both parties were represented by counsel and testimony taken. The master filed his report on October 20, 1932 recommending a decree in favor of libellant. On the same day a rule was granted on respondent to show cause why a divorce should not be granted, returnable October 31, 1932. This rule was not served on the respondent or her counsel who resided and had his office in Bethlehem in the same county, but was ad-

vertised in the Easton Express. On November 26, 1932, the divorce was granted by the court. The case apparently was never argued before the court. On December 1, 1932, a petition was presented ex parte respondent and rule granted to show cause why the decree of divorce should not be vacated and petitioner permitted to file exceptions to the master's report nunc pro tunc. On October 16, 1933, the rule was dismissed.

The assignments of error are (1) to the entry of the decree in divorce, and (2) to the discharge of the rule to show cause why the decree should not be vacated.

It is our duty to examine the evidence de novo for the purpose of review. Quoting what was said by Mr. Justice WALLING in Nacrelli v. Nacrelli, 288 Pa. 1, 4; 136 A. 228: "Under section 7 of the Act of May 5, 1899, P. L. 248, 250, appeals in divorce cases were transferred to the Superior Court. Prior thereto we had held in a uniform course of decisions that appeals in divorce cases brought up the entire record, including the evidence, which it was our duty to carefully examine and determine whether on the facts the trial court had reached a correct conclusion. See also Langeland v. Langeland, 108 Pa. Superior Ct. 375.

According to the testimony of libellant, he and the respondent, at the time of the hearing, were about forty-three years of age; that they lived together since 1903, but that they were not actually married until 1913; that there were three children born to them prior to 1913, a daughter, Virginia, aged nineteen, another daughter, Mildred, aged twenty-three, and a son, Jackie, aged twenty-six. Another child was born in 1927 or 1928; it was still-born. They lived together at various places in the State of New York and Pennsylvania until March, 1929, when libellant separated from his wife. The couple apparently lived a normal

life until 1926 when, according to libellant's testimony, the alleged acts of cruelty and indignities commenced.

No good purpose would be served by reciting in detail the various acts of cruelty and personal indignity on which the libellant relies for his decree; nor the counter-charges of indignities which the respondent presented as excusing some of her actions and by way of defeating his right to a divorce. Much of the testimony on both sides is unprintable, and we will not discuss it at length. The decree in libellant's favor can stand only if we find his charges to be substantially true and her counter-charges to be false. If her testimony, and that of her witnesses, is believed much of her conduct of which complaint was made is excusable, and he is not an "innocent party" to whom the State will grant a decree of divorce.

As is our duty, we have read the testimony carefully, and giving due regard to the findings of the master, are unable to agree with his findings and conclusions. On the contrary we are satisfied that on the whole the respondent is the more worthy of belief; that the libellant was more at fault than the respondent; that the indignities and suffering he inflicted on her outweighed those for which she was responsible; and that he has not established his right to a divorce by that clear and satisfactory evidence which the law contemplates.

Unusual conduct resulting from illness is not ground for divorce as cruel and barbarous treatment. Crock v. Crock, 96 Pa. Superior Ct. 377. Particularly is this the case when the condition of the wife is the result of the acts of the husband.

A complainant is not entitled to a divorce when the indignities relied on are provoked by the complainant party unless the retaliation was excessive. Biddle v. Biddle, 50 Pa. Superior Ct. 30.

In the language of ARNOLD, P. J., in Riester v. Riester, 11 D. R. 99, "If there can be such a thing as justification for cruel and barbarous treatment, surely the wife in this case has proved a justification ...... nor should we expect a wife to remain entirely silent and do no nagging of her husband, when he practices adultery and infects her with loathsome disease."

On August 27, 1929, an agreement in writing was executed, which provided, in part, that "during the life of this agreement neither party shall commence any action for separation or otherwise against the other for support, alimony or counsel fee and agree that all past events with reference to the marital relations between the parties shall be forgotten and not cast up by one as against the other; that while there has been no action commenced with reference to any adultery, one as against the other, any rights in this regard are preserved by both of the parties." This agreement is urged by appellant as an additional reason why the divorce should have been refused.

In view of our opinion, after a careful examination of the testimony, that the same does not warrant a decree in favor of libellant, it is not necessary to express any opinion on the effect of this agreement. Nor is it necessary to pass upon the failure to serve personal notice on respondent or her counsel of the rule to show cause why a divorce should not be granted, further than to say that an appearance by counsel for respondent, who contests the granting of the divorce, is equivalent to personal service, (Act of May 2, 1929, P. L. 1237, Sec. 31) and that all subsequent papers should be served on the respondent's attorney, rather than by publication.

The assignments of error are sustained, the decree of the lower court is reversed, and the libel dismissed. Appellee to pay costs.