HAMILTON, P. J., and Ross, J., of the First Appellate District, and WILLIAMS, J., of the Sixth Appellate District, sitting by designation in the Eighth Appellate District.

BITTMANN *v.* BITTMANN.

(Decided March 26, 1934.)

*Mr. John W. Cowell*, for plaintiff in error.
*Mr. J. G. DeFosset*, for defendant in error.

RICHARDS, J. The original action was one in divorce, commenced by Elmer L. Bittmann against Alice C. Bittmann in the Court of Common Pleas. The trial resulted in a judgment and decree of divorce in his favor, and an order and judgment as to alimony. On January 18, 1934, at the conclusion of the case, counsel for the defendant below filed a request for a finding of facts and conclusions of law, which request was overruled on the ground that said request was filed after the court had rendered its decision in the case. To this ruling of the trial court exception was duly taken. On January 20th another request for a finding of facts and conclusions of law was filed, which was also overruled by the court and exception taken. No bill of exceptions was taken on the trial, but the above judgment and orders appear of record on the journal of the court, and are assigned as grounds for reversal of the judgment.

The record discloses that the first request for a finding of facts was made on January 18th, and that the judgment and decree of divorce were rendered on the same day, and motion for a new trial filed on January 19th. The second request for a finding of facts and conclusions of law was overruled on January 26th, and on the same day an entry was made overruling the motion for a new trial.

Two grounds are urged which, it is claimed, justify the action of the trial court, first, that the request was not made in time; and, second, that the right to a finding of facts and conclusions of law does not exist in a divorce case. In the judgment of this court neither of these grounds is tenable. The reason given by the trial court for overruling the application was that it was

not filed in time, and yet it appears to have been filed on the very day that the judgment granting a divorce was rendered. The second request was made the day after the motion for a new trial was filed and before said motion had been acted on by the court. It does not appear that any rule had been adopted by the Common Pleas Court of Hamilton county governing the making of applications for a finding of facts and conclusions of law. In the opinion of this court, each one of these applications was made in due time.

It is contended, however, that no right to request a finding of facts or conclusions of law exists in an action for divorce. Section 11421-2, General Code, provides that when questions of fact are tried by the court, its findings may be general for the plaintiff or defendant, unless, with a view of excepting to the court's decision upon questions of law involved in the trial, one of the parties so requests, in which case the court shall state in writing the conclusions of fact found separately from the conclusions of law. We can perceive no reason why this statute is not applicable to divorce cases as well as to other cases which are tried by the court without the intervention of a jury. Manifestly, the nature and purpose of a finding of facts and conclusions of law are such as to make the procedure just as applicable in a divorce case as in any other case. As has been well said in 64 Corpus Juris, 1227:

"The making of findings of fact and conclusions of law is for the protection of both court and parties, the purpose of such findings and conclusions being to dispose of the issues raised by the pleadings, and to make the case easily reviewable by exhibiting the exact grounds upon which the judgment rests."

Counsel cite *State, ex rel. Kleinman,* v. *Cleveland,* 118 Ohio St., 536, 161 N. E., 918, which was an action in prohibition to prevent the trial of a divorce case by a referee appointed by the court. In the course of the

opinion in that case, delivered by Allen, Judge, the following language is used:

"It is conceded by both parties to the action that divorce is a statutory proceeding and a special form of civil action. It is also conceded that the procedure of civil actions is applicable to divorce actions, in so far as practicable, and unless otherwise restricted by the provisions relative to divorce."

It was held in a case decided in this county, entitled *Bloom* v. *Rabkin,* 19 Ohio App., 23, that the provisions of Section 11470, General Code, [now Section 11421-2, General Code] are mandatory, and that the failure to comply therewith is reversible error. One of the purposes of the finding of facts and conclusions of law is to dispense with the necessity of incurring the expense of a bill of exceptions.

In *Oxford Township* v. *Columbia,* 38 Ohio St., 87, the Supreme Court held that the refusal to make separate conclusions of law and fact was prejudicial error, and that the judgment should be reversed unless it appeared from the record that the plaintiff in error was not prejudiced by the refusal.

This absence of prejudice certainly does not appear from the present record, because the defendant below was relying on the claim that there were errors in the admission and rejection of evidence, that there was no corroboration of plaintiff's evidence, and that the judgment was against the weight of the evidence.

Judgment reversed and cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

WILLIAMS and LLOYD, JJ., concur.

Judges RICHARDS, WILLIAMS and LLOYD, of the Sixth Appellate District, sitting by designation in the First Appellate District.