## NICHOLSON v RICHTER

Ohio Appeals, 2nd Dist, Franklin Co

No 2964.  Decided March 27, 1939

414

Charles B. Cranston, Columbus, and James C. Nicholson, Columbus, for plaintiff-appellant.

J. O. Jones, Columbus, for defendant-appellee.

## OPINION

By HORNBECK, PJ.

An appeal on questions of law from a judgment of the trial court for defendant for his costs. Since this cause came into this court on appeal, the death of the defendant was suggested and Flora Brown, Administratrix, was substituted as party defendant.

The action was for money upon quantum meruit for services claimed to have been performed by plaintiff for defendant, Richter, at his special instance and request. The services claimed to have been performed were professional in nature in connection with the claim of defendant, against the estate of Casper J. Richter, deceased, and consisted of conferences, legal advice, examination of records and evidence, consultation with attorneys representing said estate.

The answer was a general denial of the allegations of the petition with further denial that the plaintiff performed any legal services relative to the estate of Casper J. Richter either by defendant's request or in his behalf and denies that any relationship of the attorney and client ever existed between the parties. Upon issues thus drawn the case came on to trial, jury was waived and the trial judge returned his finding in lieu of verdict in writing and held with the defendant, which finding was filed as of date July 6, 1938, as a paper in the cause and is made a part of the transcript of docket and journal entries. In this decision at the end thereof the trial judge said,

"If a motion for new trial is filed it may be considered overruled and an entry furnished accordingly."

After the decision plaintiff, on July 8, 1938, filed his motion for new trial, consisting of eight grounds and a separate motion requesting the court to state separately his findings of fact and conclusions of law. The court complied with the request and these findings are before us. The motion for new trial was overruled and judgment entered on the finding of the trial judge.

There are twelve assignments of error. The first four of the assignments are directed to the weight of the evidence and the law in respect thereto.

These must all be over-ruled because there is no Bill of Exceptions before this court. The fifth, sixth and seventh are directed to the claimed insufficiency of the findings of fact and the conclusion of law in relation to said finding of fact. The eleventh is to effect that the "findings, conclusions and judgment" in all respect should have been in favor of plaintiff and against defendant.

It will be noted that the motion for new trial and the application for separate findings of law and fact were filed at the same time. Thus the attention of the trial judge was not at any time directed to any insufficiency of his findings of fact and conclusions of law nor was any objection noted thereto, which suggests the advisability of filing the request for separate findings when the case is submitted.

It is elementary that a party cannot predicate error upon a mistake, improper conclusion of law or fact of the trial judge without first giving him an opportunity to pass upon the claimed errors. Nor does the record disclose that counsel proffered any additional findings of fact which he insisted were required to be carried into the findings of fact on the state of the record.

Findings of fact are intended to prevent the necessity of an extended Bill of Exceptions but if it is to be urged in a reviewing court that they could not properly have been so determined then the basis of such determination must be presented to the reviewing court.

It is therefore obvious that we are not in position to determine if the findings of fact of the trial judge are incorrect or incomplete.

But it is urged that the findings of fact are not responsive to the pleadings. The findings are brief but in the absence of a record which would clearly disclose that such findings were so incomplete as to constitute no proper basis for the conclusion of law and judgment thereon we could not set the judgment aside. An examination of the findings is convincing that they are a sufficient predicate for the conclusion of law that the plaintiff has failed to establish his case by the preponderance of the evidence that an oral contract was made between him and the defendant. The finding of fact upon which the conclusion of law is drawn is to effect that there was a written contract agreement for the professional services of plaintiff with certain heirs of Frank J. Richter but that plaintiff declined to sign said agreement and that the plaintiff signed entries in said estate as counsel for the other heirs but not as counsel for the defendant, Richter.

Upon the claim of plaintiff, it might well be true that the trial judge was justified upon the facts set forth in his conclusions in holding that the plaintiff failed of his proof.

The briefs of both parties discuss the evidence at considerable length and we find among the papers a statement of a number of documents, exhibits, letters, contents of folders, etc., which counsel consider as evidence and which we are asked to so consider. This procedure is unknown in our practice. Without some authentication of the testimony before the trial judge we have no power nor authority to consider it.

The eighth and ninth assignments of error are directed to the overruling of the motion for new trial and it is first claimed that it was error to so overrule it, next and particularly that the court erred in passing upon the motion before it was filed. This latter ground is stressed and argued at considerable length.

The announcement made by the trial judge in the written decision, that if a motion for new trial was filed it might be overruled, is such common practice as might be said to be the rule, especially in cases where the trial judge is acting as a trier of the facts. Why should the judge, if he is satisfied that he has come to the one and only conclusion that he can reach upon the controverted issues of fact, burden

counsel and take on the added duty of again considering the facts which he has already resolved against one of the parties. If, however, it be granted that such procedure was irregular and erroneous, even so, the test would be whether or not it was prejudicial. If, in overruling the motion the trial judge erred to the prejudice of the losing party then the action would be such error as would require a reversal, otherwise it would not.

We find no error to the prejudice of the plaintiff in the action of the trial judge upon the motion for new trial nor in prejudging the motion under the circumstances.

The tenth ground of the motion is that "the trial judge was prejudiced and biased, which is evident upon the record." There is no support whatever for this claim. Counsel, with knowledge of the judge who was to preside at the trial, waived a jury and elected to submit his cause to the judge alone. Nothing appears in the record that in the slightest degree indicates any other purpose on the part of the judge than to be impartial and considerate of the plaintiff unless we so construe the fact that he resolved the facts and the law against plaintiff's claim.

A fair consideration of the record as it comes to us requires us to say that no prejudicial error appears to the cause of the plaintiff. The judgment will therefore be affirmed.

BARNES and GEIGER, JJ, concur.