Meligakes, Appellant, *v.* Meligakes.

Argued October 5, 1942.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Franklin R. Bigham*, of *Keith, Bigham & Markley* for appellant.

*Richard A. Brown*, of *Swope, Brown & Swope*, for appellee.

OPINION BY BALDRIGE, J., November 11, 1942:

A reading of the record in this divorce action convinces us, as it did the court below, that the appellant failed to establish by clear, satisfactory and preponderant evidence that he is entitled to be relieved of his marital obligations: *LaClair v. LaClair*, 128 Pa. Superior Ct. 469, 471, 194 A. 224.

The parties were married February 14, 1919, and lived together without any serious differences until the beginning of the year 1928. The husband was then conducting a business in Gettysburg which consisted of operating a soda fountain, selling books, magazines, cards, etc. One of the clerks in his employ was a girl by the name of Elizabeth Gallagher. The evidence shows that at numerous times, not only in the privacy of their home, but in her husband's store and in public places, the wife accused him in loud and profane language of being intimate with this girl and associating with lewd women. We have no trouble concluding that the wife's conduct amounted to such indignities as to warrant the granting of a divorce, providing the husband is an innocent and injured spouse: *Esenwein v. Esenwein*, 312 Pa. 77, 167 A. 350; *Sleight v. Sleight*, 119 Pa. Superior Ct. 300, 181 A. 69; *Grasso v. Grasso*, 143 Pa. Superior Ct. 293, 18 A. 2d 112. But that is not the case. The conduct of the husband and this female employee gave the wife ample reasons to be suspicious and to arouse her ire and resentment. The

court below in its opinion fully recites circumstances which support the wife's charges, refers also to the physical assaults made on the wife by the husband, including his striking her in the face which resulted in the loss of her eye, and it ably discusses the issues involved. We do not deem it necessary, as we fully concur in what was there said, to elaborate on those matters. The alleged indignities, having been provoked by the husband's conduct, do not furnish grounds for divorce unless the retaliation was excessive: *Richards v. Richards,* 37 Pa. 225, 228; *Esenwein v. Esenwein,* supra, p. 79; *Welsh v. Welsh,* 142 Pa. Superior Ct. 421, 422, 16 A. 2d 672.

The real basis of the wife's conduct and accusations are directly traceable to the illicit relationship with Elizabeth Gallagher, which evidently existed, and continues to exist, at least until the date of the hearing. The wife could have been more temperate in her accusations, but it was expecting too much of her to remain calm and complacent. Under the attending circumstances the husband is not in a position to complain that the retaliation of the incensed wife was excessive.

A careful review of this entire record fails to convince us that there is merit in this appeal.

Judgment is affirmed.