Opinion by
 

 Dithrich, J.,
 

 The argument of counsel for libellant that “Under the circumstances in this case it would be in the interest of public policy to sever the hopeless marital ties,” is about as unique and unusual as certain of the conduct of libellant in this most unusual proceeding.
 

 This is the second time a libel in divorce filed by the husband has been dismissed. The first libel, brought on the grounds of cruel and barbarous treatment and indignities to the person, came on to be heard by Marshall, J., in April 1933. It was dismissed for lack of sufficient evidence! It is most significant that libellant and respondent lived together as man and wife under the same roof until the day of that hearing, and on the day of hearing respondent and a friend of respondent’s mother, a Mrs. Annie Frena, were taken to court by libellant in his automobile. According to respondent, when she was served with the subpoena in that case, she was told by libellant not to pay any attention to it,
 
 *15
 
 that the only reason he was suing was to please his mother, and that he and respondent would get together.
 

 Although libellant alleged in his bill of particulars, in the present proceeding, that he and respondent had not cohabited since September 2,1932, “when as a result of serious marital difficulties . . . Libellant brought an action in divorce on the grounds of indignities and cruelty . . Mrs. Frena, who has known both parties since their childhood, corroborated respondent by testifying that “The day before the trial I was at his place, and they told me they would take me in” and “they didn’t exactly separate before the hearing; because they went together to the hearing.”
 

 Nowhere in libellant’s testimony does he say that respondent left him. He testified on direct examination that he had not lived “with . . . [his] wife at all since 1933” and admitted on cross-examination that “a couple days after the decree” dismissing his first libel, he went with the constable to the home where he had resided with his wife to get his clothes. He bases his claim of desertion solely on the ground that respondent refused to go to live with him in an apartment he had optioned on or about April 16, 1934. He claims he made a bona fide offer at that time to respondent to return and live with him, although there is no evidence whatsoever that respondent ever left him. On the contrary, all the credible evidence is that libellant left respondent and refused to live with her after the dismissal of his libel in 1933. She testified that she was always willing, and still was at the time of the hearing of the second libel, to live with him, but that he said “as long as his mother lived he couldn’t live with me.” She further testified that they resumed marital relations after the dismissal of the first libel, and although they did not resume living together since he said his mother objected, they continued marital relations until respondent “found out
 
 *16
 
 lie was going with” another woman. She admitted letting the air out of the tires of his automobile when she found him in the other woman’s home.
 

 While her conduct on that occasion is not to be condoned, we said in
 
 Celia v. Celia,
 
 164 Pa. Superior Ct. 569, 573, 67 A. 2d 447, that “Ever since Richards v. Richards, 37 Pa. 225, 228, it has been settled that 'Indignities provoked by the complaining parties are . . . no ground of divorce, unless when the retaliation is excessive.’ ” We do not find it to have been excessive in this case.
 

 Judge Marshall, who heard both eases, said that in his opinion the “libellant did not make out a case of either desertion, cruel and barbarous treatment, or indignities.” We are of the same opinion.
 

 Decree affirmed.