METZGER, APPELLEE, *v.* NORTHWESTERN OHIO TIMING
ASSOCIATION, APPELLANT.

(No. 5381—Decided January 30, 1961.)

Mr. *Raymond S. Metzger, Jr.*, for appellee.
Mr. *Harry R. Illman*, for appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Court of Common Pleas overruling a motion to vacate a judgment for plaintiff-appellee on a cognovit note. A bill of exceptions was not filed on the appeal. The judgment by confession under warrant of attorney on the cognovit note was entered April 20, 1960. On September 1, 1960, defendant-appellant filed a motion to vacate such judgment and on the same day filed an answer and cross-petition.

Thereafter, on September 13, 1960, defendant filed a motion requesting a statement in writing by the court of its conclusions of fact separate from conclusions of law on its judgment overruling the motion to vacate. The record shows that the court has not ruled on said motion, notwithstanding the judgment was entered on September 26, 1960, overruling the motion to vacate the judgment on April 20, 1960.

Defendant's fifth assignment of error is that the trial court erred in refusing to state in writing the conclusions of fact found separately from the conclusions of law in arriving upon the decision of the court in overruling the motion of defendant to vacate the judgment and leave to file an answer and cross-

petition tendered therewith. (The answer and cross-petition was filed without leave.)

Section 2315.22, Revised Code, provides:

"When the questions of fact are tried by the court, its findings may be general for the plaintiff or defendant, unless, before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, one of the parties requests otherwise, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

It is well settled that the provisions of that section are mandatory and failure of the court to comply with timely motion to separately state conclusions of fact and law is reversible error, unless it appears from the record that the movant was not prejudiced by the refusal. This motion can be filed for the purpose of and raise questions for review without an extended bill of exceptions. *Oxford Twp.* v. *Columbia*, 38 Ohio St., 87; *Cleveland Produce Co.* v. *Dennert*, 104 Ohio St., 149, 135 N. E., 531; *Bittmann* v. *Bittmann*, 48 Ohio App., 427, 194 N. E., 427; *Levick* v. *Bonnell*, 137 Ohio St., 453, 30 N. E. (2d), 808; *Bauer* v. *Cleveland Ry. Co.*, 141 Ohio St., 197, 47 N. E. (2d), 225; *Bloom* v. *Rabkin*, 19 Ohio App., 23; *Shunk* v. *Shunk Mfg. Co.*, 86 Ohio App., 467, 93 N. E. (2d), 321; *Nicholson* v. *Richter*, 29 Ohio Law Abs., 413.

The assignment of error is therefore well taken.

A trial upon evidence is contemplated upon motion or petition to vacate or suspend a cognovit note judgment. See *Livingstone* v. *Rebman*, 169 Ohio St., 109, 158 N. E. (2d), 366. In the absence of a bill of exceptions, the other errors assigned as a basis for reversal, which could have been exemplified only by a bill of exceptions, are not well taken and a presumption of regularity of the court's order arises.

This cause is reversed and remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

FESS, P. J., SMITH and DEEDS, JJ., concur.